P. G. BLANCK and SOUTHERN SURETY COMPANY, *Petitioners,* v. R. ROMAN, *Respondent.*
Division B.
Opinion filed April 28, 1931.

*Morris & Myers,* of Miami, for Petitioners;

*S. Grover Morrow,* of Miami, for Respondent.

DAVIS, J.—The petition for the writ of certiorari filed in this case by the petitioners sets forth that there was instituted in the Civil Court of Record for Dade County a suit in which R. Roman, the respondent in this cause, was named as defendant; that a writ of attachment issued in that suit against petitioner P. G. Blanck, who is a defendant in the cause; that said writ of attachment was levied upon two automobiles owned by the defendant; that thereafter a forthcoming bond was filed by the petitioners in which P. G. Blanck, the defendant in the Civil Court of Record was named as principal and Southern Surety Company was named as surety. This forthcoming bond was in the principal sum of $2500.00 and was conditioned as required by law as follows:

"Now, therefore, if the said principal, P. G. Blanck, shall have the said above described property forthcoming, or abide the result of the suit instituted against the same, then this obligation to be null and void, else to remain in full force and virtue."

Judgment was recovered in the principal cause against the defendant who was principal in this bond. The case was tried before a jury and a verdict in the sum of $1500.00 with interest and attorney's fees returned by such jury. Their verdict also found that the writ of attachment had been levied upon the property of the petitioner R. Roman and that the property had been delivered to the petitioner

upon the filing of the forthcoming bond hereinabove mentioned.

This verdict, however, did not fix or find the value of the property which had been attached and which had been re-delivered on such forthcoming bond. Notwithstanding this, however, final judgment was entered in the cause against the principal and sureties on the forthcoming bond for the total amount of $2148.95, the amount of the judgment against the defendant.

Sec. 5282 C.G.L., 3429 R.G.S., provides as follows:

"Judgments: Judgments against Principal and Sureties.—If judgment by default be entered in favor of the plaintiff, and the defendant shall have retaken the property upon a forthcoming bond, final judgment by default shall be entered at the same time against the defendant and the sureties on the bond for the amount of the judgment against the defendant if it be less than the value of the property as fixed by the officer, or for the value of the property so fixed if such value be less than the judgment against the defendant. If the defendant shall have retaken the property upon a bond to pay the debt, such judgment shall also be entered against the sureties for the amount of the judgment against the defendant. In case a judgment against defendant after trial, judgment shall be entered against the sureties as above provided, except that the value of the property retaken by defendant shall be found by the judge or the jury, (as the case may be tried before the one or the other), and stated in the finding or verdict."

Under the statute whether the bond is given for the forthcoming of the property or for the payment of the debt as authorized by such statute it is indispensable "that the value of the property re-taken by the defendant shall be found by the judge or jury (as the case may be tried

before the one or the other), and stated in the finding or verdict,'' in every case where a judgment is rendered against the defendant after trial before a jury.

The record in this cause shows that a trial of the defendant was had before a jury even though such trial before the jury was merely to assess the amount of damages. It was trial nevertheless and the judgment entered against the defendant was based upon the verdict returned by the jury at this trial.

The record also shows that the value of the property was not specifically fixed by the officer at the time the forthcoming bond was given, but even had such value been fixed by the officer the express terms of the statute require that where a trial is had before a jury that the jury shall fix the value of the property for the forthcoming of which the defendant is to be held responsible.

It is only in a case of ordinary defaults upon which judgment can be entered in favor of the plaintiff without the intervention of a jury that judgment is authorized to be entered against the defendant and his sureties on a forthcoming bond for the amount of the judgment rendered against the defendant.

The essential requirements of the law were not followed in the proceedings shown by the record, therefore the judgment of the. Circuit Court of Dade County affirming the judgment rendered by the Civil Court of Record for said county against the defendant and his sureties on the forthcoming bond should be quashed.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.